FILED ___ LODGED ___ ENTERED ___ RECEIVED

MAR 8 - 2000

CLERK U.S. DISTRICT COURT
AT BALTIMORE
DISTRICT OF MARYLAND

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | Criminal No. B- 86-0011 |
| RAYMOND EDWARD GILL | : | |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..

| | | |
|---|---|---|
| RAYMOND EDWARD GILL | : | |
| vs. | : | Civil No. B-00-556 |
| UNITED STATES OF AMERICA, | : | |

o0o

## MEMORANDUM

Petitioner pled guilty to one count of bank robbery and on June 20, 1986, was sentenced to twenty years imprisonment, to run concurrent with a sentence imposed in Criminal Case No. B-86-009. As a condition of parole he was ordered to make restitution of $7,726. A special assessment of $50.00 also was imposed. Petitioner did not appeal.

The instant motion to vacate or set aside judgment was filed on February 25, 2000. It appears to be Petitioner's first attempt to seek relief under this section in this case.

The Anti-Terrorism and Effective Death Penalty Act of 1996, effective April 24, 1996, added to 28 U.S.C. §2255 a provision that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;



> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Persons such as Petitioner, whose convictions became final before the effective date of the AEDPA, had a one year grace period, or until April 23, 1997, in which to seek relief. *See Brown v. Angelone,* 150 F.3d 370, 375 (4th Cir. 1998). The instant motion, filed nearly three years later, is clearly time barred.

Accordingly, a separate Order will be entered denying the request to vacate or set aside sentence.

_MARCH 6, 2000_
Date

_Walter E. Black, Jr._
Walter E. Black, Jr.
Senior United States District Judge